REQUESTED BY: Mr. Ron Lahners, Lancaster County Attorney, County-City Building, Lincoln, Nebraska, 68509
Is a Natural Resources Commission required to submit its Master Plan to a city-county planning commission for review?
No.
You have asked whether a natural resources district isrequired to submit its Master Plan to a city-county planning commission for review. Your letter of inquiry indicates that you are familiar with the laws applicable to this situation as well as the fact that those laws have been repealed and amended with a somewhat unfortunate consistency. Ironically, that unfortunate consistency of repeal and amendment has produced inconsistency in the terms contained within the statutory scheme. It is against that backdrop that we now attempt to answer the question you have posed.
As you note in your inquiry, Neb.Rev.Stat. § 2-3229
(Reissue 1977) sets forth the purposes of the natural resources districts and further delineates many legislative imperatives imposed upon them. In 1978, § 2-3276 was added to the statutory scheme. It is that section which specifically mandates that: `By August 1, 1979, each natural resources district shall prepare and adopt a master plan to include but not be limited to a statement of goals and objectives for each of the purposes stated in section 2-3229.' That section goes on to provide that: `The master plan shall be reviewed and updated as often as deemed necessary by the district, but in no event less often than once each ten years. A copy of the master plan as adopted and all revisions and updates thereto shall be filed with the Natural Resources Commission.' As can be seen, § 2-3276 does not impose a duty upon the natural resource district to submit its Master Plan to anyone other than the Natural Resources Commission.
By contrast, Neb.Rev.Stat. § 2-3244 (Reissue 1977) which deals with rules and regulations promulgated by natural resource districts, provides that: `[S]uch rules and regulations shall not conflict with municipal, county, or regional land-use regulations that have been adopted or are adopted at some future date in accordance with appropriate state enabling legislation. Municipal, county, and regional land-use regulations shall take precedence over district rules and regulations in any instances where regulations conflict.'
The statute goes on to mandate that: `Review copies of such proposed resolutions shall also be provided to all municipal, county, and joint-planning commissions that operate within the district at least thirty days prior to the adoption or amendment of rules and regulations by the district.'
Accordingly, while the natural resources district must, pursuant to the terms of § 2-3244, submit rules and regulations promulgated concerning the conserving of soil and water resources and preventing and controlling soil erosion to municipal, county, and joint-planning commissions that operate within the district, § 2-3229 which sets forth the imperative to develop a Master Plan is conspicuously silent as to any requirement of submission to municipal, county, and joint-planning commissions.
We might note parenthetically, that as a practical matter, there seems little reason to require the submission of rules and regulations but not the Master Plan to municipal, county, and joint-planning commissions. However, this office is not empowered to impose, via interpretation, a requirement that the Legislature has conspicuously omitted.
Hence, while the spirit of the law would seem to commend submission of the Master Plan to a city-county planning commission for review, we are not prepared to say that the letter of the law commands it. We are of the opinion that that result, if desired, must be accomplished by a change of statutory terms.
We hope the foregoing has been of some assistance to you. If you have further questions, please don't hesitate to ask. We remain available to advise you.